The next case today is United States v. Robert McCulloch, Appeal No. 20-1234. Attorney Kelly, please introduce yourself on the record. Good morning, Your Honors, and may it please the Court, I'm Brendan Kelly. I represent the appellant Robert McCulloch in this case. I'd like to reserve one minute for rebuttal, please. Yes. Thank you, Your Honors. The supervised release conditions contested here impose a greater deprivation of Mr. McCulloch's liberty than is reasonably necessary to comply with the purposes and goals of sentencing. Specifically, the contested conditions 6 and 9 implicate not merely adult pornography, but adult content full stop, large swaths of primetime network television programming and movies. And this categorical ban was imposed where there's not a single mention in the record below of adult content ever being viewed by Mr. McCulloch, much less in a way that contributed to any offense at any time in his record. Mr. McCulloch alerted the District Court and the government to the problem with an adult content ban by written memo in advance of the hearing and then again during argument at the violation hearing itself. Neither the government... Mr. Kelly, the government says that the challenge you're making is that the District Court did not adequately explain its reasons for imposition of these conditions, which had been recommended, I think, in the PSR and by the government and that you did nothing to alert the District Court to the fact that you thought he had not said enough. And if you had done that, there would be more on this record. So we should not treat this as an entirely preserved issue. Okay, if the objection is inadequate explanation, that's a different situation than did you raise it in your objections to the PSR. Do you follow? I think he froze. Mr. Kelly, can you hear us? Okay, IT, please pause the stream for us. I'm sorry, Judge. Yes, thank you. Again, Brendan Kelly on behalf of the appellant Robert McCulloch in this case. Okay, Mr. Kelly, I had just asked you about the nature of the objection, which is the District Judge didn't adequately explain his reasons for imposing these two conditions. The government has said that means you really didn't preserve the argument. And so I was going to give you a chance to respond on that, but then I have another question for you. Yes, Your Honor, thank you. With respect to the preservation, Judge, I take the government's position from its brief to be that the procedural objection was not preserved. But I think that the government agrees that the substantive objection was preserved and as the procedural objection, Judge, they cite Manguel Rosado for that proposition. And I would say that in that case, the claim was that the sentencing court's explanation wasn't adequate, but it was preserved in no way, shape, or form below. And that's the key difference here. In Manguel Rosado, the district court mentioned facts in pronouncing its sentence description of the use of marijuana and Percocet by the defendant that it was a third conviction. But here, there's no explanation whatsoever. And moreover, Manguel Rosado mentioned this court's holding in gallant, noting that the federal... Yeah, that's quite an old case, actually. So let's move on to the substantive objection. Yes, Your Honor. So your client, as I understand the record, raped children. And he was convicted of that. They were quite of a young age. And during that time period, and indeed, after he had been arrested, he was found in possession of a great deal of child pornography. Now, the thing that got him into trouble more recently was a charges and conviction on assault on his former girlfriend and an attempt to rape her. So why wasn't it logical for the district court to think, given that he's now moved his target from children to adult females, that a restriction of this sort might be helpful, especially when it's recommended by the probation office? One doesn't know whether he was watching adult pornography or soft porn, and that has contributed in some way to the attack on his girlfriend. But it's hardly an irrational thought that this guy needs impulse control as to both What's your reply? Judge, I would say in reply one point that I don't think is explicitly made in the briefing of the other party regarding the indecent assault and battery and the connection to adult content ban is that at the time of the incident, Mr. McCulloch was being monitored by probation. Four minutes remaining. And there's no... Doesn't that make it worse? Uh, what my point with that, Your Honor, is that he, uh, his usage of devices is monitored and what he's watching. And there's no indication in the violation report or in the record that pornography was in any way, shape or form being used. I'm sorry. At the time of the attack, was he under probation restrictions as to children or as to both children and adults? He was under restriction as to this, uh, same, um, broad based adult pornography ban. And that can be seen in the district court of Georgia's original sentence. And that's the supervised release conditions that he was under at that time. And that included monitoring of his devices. Um, and so I would say in response, Judge, that the, uh, the record was that there is nothing in the record below that, uh, in any way, shape or form, uh, pornography was utilized. And I would say, again, going back to his charges from 1999, um, and 2000, the molestation and the pornography offenses, the record is clear in the violation report that the child pornography offenses, uh, occurred after the child molestation offense. And so the government's contention that... have known what he was doing beforehand. You know, you're putting a burden on the government that strikes me as being very difficult for it to meet. And in any event, that's not the standard of review for the reasonableness of the substance of the restriction that the district court chose to impose here. Yes, Judge. In response, I would just say that the record in the violation report clearly, uh, states that Mr. McCulloch's pawned computers were recovered. Uh, and I think the lack of any mention, uh, of, um, a connection between the child pornography offense and the child molestation offense in terms of timeline, um, is something that should be considered by the district court in assessing the reasonableness of this conclusion that, um, pornography is fueling his, uh, offense history. Um, I think that that is something that's not borne out by the record. You know, there is a lot of literature out there drawing sociological literature, drawing a direct connection. Yes, Your Honor. And I would say that that is, um, something that was rejected in Medina. The government in Medina offered that there was an inference that general, uh, that there was a general correspondence between sexual offense, recidivism, and porn. And the decision in Medina, Medina rejected that, um, as not having been something that was articulated by the district court and not something that was articulated by the government below, um, in Medina either. Yes, but this, there are a number of cases out there aren't, isn't it true, regardless of Medina drawing this connection and saying, it's basically background information that district judges can and do use. Well, I think judge, um, I would again, just cite the, uh, Medina Hinkle Paraza Mercado and the cases cited in the brief, um, as that there's nothing in this record to substantiate that. If that's the case, then the government didn't raise the balloon and the, uh, court did not explain that that was its reasoning, um, when it came to this decision. Counsel, would you agree that with respect to condition 12, that, that, um, that is subject to plain air review? Is that, you agree with that, I gather? Yes, that's our, that's our position, judge. That was not objective. So, yeah. And so the government, I believe makes the point that in response to your contention that, that he's at risk of being found in violation of condition of supervised relief. If he's just in the presence in some public setting of children under the age of 18, that there is a, uh, uh, there is in this condition, a, a, a knowing requirement that he, that he can't, he cannot be charged with a violation if he just happens to be in, in a presence. Why isn't that a, uh, plain air review, an important limitation on the breadth of this condition? I would say your honor, just because, um, there still needs to be some basis in the record, uh, to believe that that, uh, broad, um, prohibition is necessary. I'm sorry. I did not hear your response council. I'm sorry. Yes. Yes. Judge that, uh, there still needs to be something in the record that that broad prohibition is necessary where here there is evidence in the record that the, uh, band can be very targeted and with respect to the knowing contact with people in public and, um, the exception, uh, there, I think it still sets up a minefield for an individual in Mr. McCulloch's position with how to grapple with those interactions, whether that's going to be considered knowing or not, whether he needs to report it to his probation officer or not. And if he doesn't report it, whether he risks being accused of trying to hide something. And if he reports every interaction that he has, whether he's going to be considered as, uh, protesting too much and therefore, uh, suspicion there. Um, so I think that, okay, council. Thank you. Are there further questions? Okay. Mr. Lockhart. Uh, Mr. Kelly, stay in the meeting and, uh, Mr. Lockhart, please introduce yourself on the record. Uh, yes, uh, Donald Lockhart for the government and, uh, may it please the court, unless the court has a different preference, I'll start first with a procedural issue. And the key point here is that there's really only one logical point, uh, to make an objection concerning the adequacy of the district court's, uh, reasoning or explanation. And that's after the explanation is actually given, uh, a prior objection, you know, prior to the sentencing hearing, or even at the hearing itself to a certain sentencing issue, whether it be an enhancement or a conditional supervised release can't possibly preserve an objection to the adequacy of the explanation, which can only be brought into focus after the explanation is given and here. Let me ask you about that. I mean, the, I mean, conditions like this, they are supposed to explain the basis for the condition. We have a situation here where the district court judge was advised by very targeted memos in advance of sentencing memos that addressed the breadth of the condition that they were being contested, contested in, in the very terms that they're now being contested here on appeal. So the district court understood that this was very much in dispute. Despite that, the district court imposed these conditions and offered no explanation as I understand it for, for this condition, knowing that district court judges are supposed to provide an explanation. So I don't, I'm a little troubled by the notion that in the face of a clearly articulated objection, clearly stated principles in our case law, the judges are supposed to provide an explanation for the imposition of these kinds of conditions. If the district court judge failed to do that, why wasn't that? Why wasn't this? So I'm asking, why wasn't this objection adequately preserved so that the abuse of discretion standard should apply? All right. I think we're talking about two different things here. So you can assume for the sake of argument that the district courts explanation was obviously inadequate for purposes of the second plain error prong. But we know from cases like Gilman that the third prong looms large in this context so that even if, and certainly you are correct, that judges should give adequate explanations, it's required. And even assuming that the explanation here was clearly or obviously inadequate, Gilman still presupposes that the defense council will object in the wake of the explanation and that a failure to do so while it may not help the government on prongs one and two does then tee up prong three, which concerns whether there's a reasonable... If there's an objection, we're not on plain error, so we don't even get to prong three. No, my point judge is that for the procedural issue of the adequacy of the district court's explanation, there was no objection in the wake of that explanation. And a prior objection on for an objection to the adequacy, if defense council here had said to Judge Young in the wake of his explanation, Judge, you haven't connected the dots, we don't understand your rationale for the adult pornography ban, Judge Young might very well have expanded on his reasoning. Now, I understand Judge Lopez's point that he should have done that to begin with, but all that means is that if he failed to do it, the defendant gets past perhaps prongs one and two, but there is, as Gilman says, there is still the third prong in the analysis. So I guess I'm taking issue with the notion that merely preserving an argument as to substance, and we agree they did, preserves an argument as the procedural point. We submit that an objection to that should be lodged in the wake of the explanation, and that if it's not, then the defendant has the burden under prong three, even if the explanation was clearly inadequate. But I'd like to turn to substance because I think actually that's- Five minutes remaining. That's the, in some ways, the more important point here. We agree that as to substance, the defense attorney here preserved an objection to condition six and nine that review is for abuse of discretion there, and our response on substance is to point you to the record primarily, and there are a couple key points in that regard. Number one, as Judge Lynch mentioned, we know that the defendant was involved in two child molestation offenses, as part of which he raped a five-year-old girl, and in the same time period he was engaged in the file sharing of pornography, child pornography, which depicted essentially the same basic type of thing going on, adult men raping young girls. Now, so we can see there a connection between his criminal conduct, the molestation offenses, and the child pornography offenses. The fact that his child pornography offense federally occurred after the molestation offense is really parsing it a bit fine. The notion that he only began file sharing somehow after the molestation offenses is something that the record does not support. The record indicates he had a vast trove of these images, and the idea that he only began his collecting in the wake of his sexual misconduct against the two little girls is, we submit on the record, a bit far-fetched. In any event, how does that get us to the adult child pornography is clear, and when we fast forward to 2017, and the defendant is engaged in a very violent sexual assault against his adult girlfriend, we can take it to the bank that he is interested not just in children, but also in adult women, and we can also infer that the any problems he may have had from pornography and his child sex crimes could, in theory, bleed over into the adult context. At the very least, under the abuse of discretion standard, the record supports that sort of inference. So that's our point on substance, and if there are no questions about Condition 6 and 9, I could turn briefly to Condition 12. Condition 12 is contested on several grounds, but the idea that the ban in Condition 12 applied to incidental contact with children is just wrong. The condition itself applies to knowing and direct contact with children, so that part is just incorrect. The second point the defense raised was that it applies to boys and not just to girls. Again, the three-year-old brother of the five-year-old girl the defendant raped was a victim in the sense that he witnessed that crime. That in itself supports a ban that extends to boys, and the third point the defense raised was the ban on contact extends to post-pubescent children and not just to pre-pubescent children, but the fact that he's engaged in a violent sexual assault against his own adult girlfriend tells you that his sexual misconduct extends along the continuum from child to adult, and there's no reason to think that somehow there's a little island or age group where he is not somehow sexually interested in that slice. So those are our positions on the issues. If the court has no further questions, we'll rest on our brief. Just very quickly, Mr. Lockhart, with respect to Condition 12, I think you mentioned that if he had concerns about whether particular situations might expose him to a violation, he could consult with probation in advance to try to get clarification. Did you make that argument? It strikes me as a little odd that, and I thought we have case law that suggests it's not an answer to concerns about the breadth of a condition to say that, well, if you're uncertain, you can go to probation and sort of get a kind of an opinion as to whether that would or would not be all right. I just want to understand exactly what you're arguing there. Right. We're not holding that out as a freestanding basis for affirming that condition. It is a factor, however, that the court has noted in sustaining other supervised release conditions generally. Time has expired. Okay. Go ahead. We would not say that just that it cures the entire problem. There is also the avenue of applying to the judge for modification of supervised release. Okay. Thank you. Thank you. Thank you, Mr. Lockhart. Please mute your device at this time. And Mr. Kelly, are you still with us? I am. You may begin. Just reintroduce yourself, and then you may begin your one-minute rebuttal. Yes. Thank you, Your Honor. Brendan Kelly for the appellant, Mr. McCulloch, again. I just wanted to, in response, be clear about what the facts below were. Sorry. I think you lost Mr. Lockhart. Oh. I'm sorry, Judge. I'm going to let him right back in. He came right back. Okay. Do it. Mr. Lockhart, are you with us? Yes, I am. I'm sorry about that. That's okay. We're ready to go. I'm sorry, Mr. Kelly. Go ahead. Yes. Thank you again, Mr. Kelly, for Mr. McCulloch. I just want to be clear about the timeline of events with respect to the child molestation and the child pornography. The violation record is clear that the first offense with a five-year-old female occurs in March of 2000. It's not until some 18 months later that the German police download child pornography in the end of June 2001. I think that the record accurately is that there is nothing to substantiate a belief that child pornography- Counsel, I thought they downloaded thousands and thousands of images, including these rape images. Is that correct? Your Honor, at the appendix at page six, it describes that the German police downloaded three files from the computer. When search warrants were then obtained for a computer, there were thousands of files that were deleted on that computer, a few hundred of which were recovered, and some contained child pornography, but the record doesn't state when those came to be on the computer or- Okay. Thank you. Thank you. I think I've gotten the point. Thank you. Yes. With respect to the last point, Judge, with respect to the government's intention of- Time has expired. Go ahead. I would just point out, Judge, that describing the Chelsea incident as a violent sexual assault, Mr. McCulloch pled to indecent assault and battery against a person 18. That is a very, very broad statute in Massachusetts law, and there's nothing in the record to substantiate that he admitted to every single fact that was alleged. That's a- Okay. Thank you, Counsel. Thank you, Your Honor. Thank you very much. Thank you. That concludes argument in this case. Attorney Kelly and Attorney Lockhart, you may disconnect from the hearing at this time.